UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CASE NO.: 1:23-cv-15771

FOTOHAUS, LLC,

          Plaintiff,

v.

VIVID SEATS, LLC,

          Defendant,

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff FOTOHAUS, LLC by and through its undersigned counsel, brings this Complaint against Defendant VIVID SEATS, LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff FOTOHAUS, LLC ("Fotohaus") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Fotohaus' original copyrighted Work of authorship.

2. Daniel Foster, owner and principal photographer of Fotohaus, has a history of taking highly unique abstract architecture photographs that focus on lines and geometry. His works have been featured 18 times in the highly-coveted "Explore" section of Flickr. More than 86,000 fans follow his work on Instagram. Daniel is a member of the Royal Photographic Society and Professional Photographers of America. His work has been published online and offline through a variety of publications, including National Geographic, der Freitag, the World Wildlife Fund, and Smithsonian. Daniel licenses his work commercially on a selective basis and

is currently working to establish himself as a fine art photographer. His prints are available for purchase through Saatchi Art.

3. Defendant 'Vivid Seats, LLC' ("Vivid Seats") is a ticket resale company. At all times relevant herein, Vivid Seats owned and operated the internet website located at the URL 'https://www.vividseats.com/' (the "Website").

4. Fotohaus alleges that Defendant copied Fotohaus's copyrighted Work from the internet in order to advertise, market and promote its business activities. Vivid Seats, LLC committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the Vivid Seats, LLC's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Illinois.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Vivid Seats, LLC engaged in infringement in this district, Vivid Seats, LLC resides in this district, and Vivid Seats, LLC is subject to personal jurisdiction in this district.

## DEFENDANT

9. Vivid Seats, LLC is an Illinois Corporation, with its principal place of business at 111 North Canal Street, Suite #800, Chicago, Illinois 60606 and can be served by serving its Registered Agent, Cogency Global Inc, at 600 South Second Street, Suite 404, Springfield, Illinois, 62704.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2013, Fotohaus created the photograph entitled "LSU Tiger Stadium," which is shown below and referred to herein as the "Work".



11. Fotohaus registered the Work with the Register of Copyrights on March 18, 2013, and was assigned registration number VA 1-879-851. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. Fotohaus' Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets.

13. At all relevant times Fotohaus was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY VIVID SEATS, LLC

14. Vivid Seats, LLC has never been licensed to use the Work at issue in this action for any purpose.

15. On a date after the Work at issue in this action was created, but prior to the filing of this action, Vivid Seats, LLC copied the Work.

16. On or about September 14, 2022, Fotohaus discovered the unauthorized use of its Work on the Website. Vivid Seats used the Work as a display photo for one of their ticketed events.

17. Vivid Seats, LLC copied Fotohaus' copyrighted Work without Fotohaus' permission.

18. After Vivid Seats, LLC copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its regular business activities.

19. Vivid Seats, LLC copied and distributed Fotohaus' copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

20. Fotohaus' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

21. Vivid Seats, LLC committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

22. Fotohaus never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

23. Fotohaus notified Vivid Seats, LLC of the allegations set forth herein on September 23, 2022. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

24. Fotohaus incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Fotohaus owns a valid copyright in the Work at issue in this case.

26. Fotohaus registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

27. Vivid Seats, LLC copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Fotohaus' authorization in violation of 17 U.S.C. § 501.

28. Vivid Seats, LLC performed the acts alleged in the course and scope of its business activities.

29. Defendant's acts were willful.

30. Fotohaus has been damaged.

31. The harm caused to Fotohaus has been irreparable.

WHEREFORE, the Plaintiff FOTOHAUS, LLC prays for judgment against the Defendant VIVID SEATS, LLC that:

    a. Vivid Seats, LLC and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Vivid Seats, LLC be required to pay Fotohaus its actual damages and Defendant's profits attributable to the infringement, or, at Fotohaus' election, statutory damages, as provided in 17 U.S.C. § 504;

c. Fotohaus be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Fotohaus be awarded pre- and post-judgment interest; and

e. Fotohaus be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Fotohaus hereby demands a trial by jury of all issues so triable.

DATED: November 8, 2023                     Respectfully submitted,

*/s/ Craig A. Wirth*
CRAIG A. WIRTH
Craig.wirth@sriplaw.com
J. CAMPBELL MILLER
Campbell.miller@sriplaw.com
JOEL B. ROTHMAN
Joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21310 Powerline Road
Suite 100
Boca Raton, FL 33433
404.496.6606 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Fotohaus, LLC*